

# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| JAMAR BRADLEY, | * | |
| | * | |
| Movant, | * | CIVIL ACTION NO.: 2:18-cv-47 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA, | * | (Case No.: 2:16-cr-12) |
| | * | |
| Respondent. | * | |

## ORDER

Presently before the Court is Movant Jamar Bradley's ("Bradley") Motion for Article III Judgment and Recusal. Dkt. No. 6. Bradley also filed an Affidavit in support of the portion of this Motion concerning recusal. Dkt. No. 7. For the reasons set forth below, the Court **DENIES** Bradley's Motion.

## DISCUSSION

Bradley makes two arguments in his Motion. Dkt. No. 6. First, Bradley argues this case should not be referred to a Magistrate Judge because a 28 U.S.C. § 2255 motion "directly questions the validity of prior Federal Court rulings and may embroil a magistrate judge in unconstitutional conduct of felony trial," and asks for the district judge to "vacate any and all

AO 72A
(Rev. 8/82)

references as an initial matter to a magistrate" in this action. <u>Id.</u> at pp. 1-2.  Second, Bradley moves for the recusal of the undersigned and former Magistrate Judge R. Stan Baker from this case because he contends both judges have personal knowledge about disputed evidentiary facts as a result of our actions and decisions in Civil Action Number 2:14-cv-122.  <u>Id.</u> at 2-3; Dkt. No. 7.

I.  **Referral to Magistrate Judge**

A district judge may designate a magistrate judge to submit to a district judge "proposed findings of fact and recommendations for the disposition, by a [district judge], any motion . . ., of applications for posttrial relief made by individuals convicted of criminal offenses . . . ." 28 U.S.C. § 636(b)(1)(B).  Once any party files objections to these recommendations, a district judge shall make a de novo review of the record and may accept, reject, or modify—in whole or in part—a magistrate judge's findings and recommendations. § 636(b)(1).

I have referred Bradley's § 2255 Motion to United States Magistrate Judge Benjamin Cheesbro for preparation of a report detailing his recommendations as to the disposition of Bradley's § 2255 Motion, as authorized under § 636(b).  Bradley's citations to § 636(c)(4) and <u>United States v. Johnston</u>, 258 F.3d 361, 364 (5th Cir. 2001), as support for his Motion, dkt. no. 6,

pp. 1-2, are misplaced. Section 636(c)(4) and <u>Johnston</u> concern circumstances where parties consent to have a magistrate judge conduct all proceedings in a matter and the magistrate judge enters final judgment. In this case, I will enter a final ruling and judgment in Bradley's § 2255 proceedings. Referral of a § 2255 motion to a magistrate judge for preparation of report and recommendation, as I have done in this case, does not present the same constitutional concerns that arise when a magistrate judge issues a final order on a § 2255 motion. See <u>Brown v. United States</u>, 748 F.3d 1045, 1068-72 (11th Cir. 2014) (holding § 2255 motions are not civil matters and, therefore, magistrate judges cannot enter final judgments on these motions under Article III). The Court **DENIES** this portion of Bradley's Motion.

II. **Recusal**

Recusal is governed by 28 U.S.C. §§ 144 and 455. <u>Jones v. Commonwealth Land Title Ins. Co.</u>, 459 F. App'x 808, 810 (11th Cir. 2012). Under § 144, a judge must recuse herself or himself when a party to a district court proceeding "files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. "To warrant recusal under § 144, the moving party must allege facts that would convince a reasonable person that bias actually exists."

Christo v. Padgett, 223 F.3d 1324, 1333 (11th Cir. 2000). Under § 455(a), a judge must disqualify herself or himself if her or his "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Section 455(a) requires recusal where "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Connors Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988). Any doubts must be resolved in favor of recusal. United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

Regarding recusal under § 144, Bradley's affidavit is insufficient, as he fails to plausibly allege judicial bias against him. Dkt. No. 7. Bradley's declarations are baseless and conclusory. Bradley claims that, because I was the presiding judge in a civil action that is not related to Bradley's criminal proceedings or post-conviction motions, I gained knowledge about Bradley's criminal prosecution. The proceedings in Civil Action 2:14-cv-122 arose as a result of Melvina and Calvin Lewis's, Bradley's mother and stepfather, who also were two of Bradley's co-defendants in this case, claims that City of Brunswick Police officers illegally searched their residence without a warrant in 2012. Compl., Lewis v. City of Brunswick, 2:14-cv-122 (S.D. Ga. Aug. 15, 2014), ECF No. 1. Bradley has not shown any connection between this civil action

and the criminal proceedings against him, other than two of his co-defendants in this case were the plaintiffs in that civil action and the residence involved in that civil case is one of the same residences involved in the criminal proceedings. Bradley fails to show the undersigned or former Magistrate Judge Baker was biased or acted improperly in any way in either case.[1] See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his [or her] participation in the case."). Similarly, recusal under § 455 is not warranted. Disqualification under that provision ordinarily "may not be predicated on the judge's rulings in the instant case or in related cases." Deems v. Comm'r of IRS, 426 F. App'x 839, 843 (11th Cir. 2011) (citing Phillips v. Joint Legis. Comm. on Performance & Expenditure Review of the State of Miss., 637 F.2d 1014, 1020 (5th Cir. 1981)).

Because Bradley has not put forth any evidence raising reasonable doubts as to the assigned judges' impartiality,

---

[1] Bradley's request for Judge Baker's recusal in this case is also moot, given that the case was reassigned to Magistrate Judge Cheesbro following Judge Baker's appointment to the position of United States District Judge. Standing Order, 1:18-mc-12. Moreover, the civil matter Bradley points to was closed long before Magistrate Judge Cheesbro was appointed.

recusal is not warranted in this case. Thus, the Court **DENIES** this portion of Bradley's Motion.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Bradley's Motion for Article III Judgment and for Recusal. Dkt. No. 6.

**SO ORDERED**, this \_\_20\_\_ day of \_\_July\_\_, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA